**UNITED STATES of America,**
**Appellee,**

v.

**Cole Arba MILLER, Appellant.**

**No. 14027.**

United States Court of Appeals,
Fourth Circuit.

May 12, 1970.

George S. Daly, Jr., Charlotte, N. C., for appellant.

Keith S. Snyder, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and RUSSELL, District Judge.

PER CURIAM:

 The evidence in this case abundantly supported the conviction of the defendant, a federally licensed firearms dealer, for violation of 15 U.S.C. § 903(d) [1] which requires licensed firearms dealers to maintain such permanent records as the Secretary of the Treasury shall prescribe.[2] On two occasions, agents of the Alcohol, Tobacco and Firearms Division of the U.S. Treasury Department had sought to prevail upon the defendant to keep the prescribed records of his purchases and sales of firearms and had undertaken to explain to him the proper procedures. It is undisputed that he did not maintain the required records, and the jury was not required to excuse him for his failure to do so by reason of his claim that it was burdensome. Defendant was given a suspended sentence.

 Defendant contends that the District Court erred in limiting his cross-examination of another firearms dealer who appeared as a witness for the prosecution. It was defendant's trial tactic to show that this witness was biased and his testimony unreliable; the District Judge excluded nothing which would have supported that effort. Defense counsel questioned whether the witness might be biased as a result of the receipt of a check from the defendant which was returned unpaid. Then, apparently to determine whether the witness might be testifying against the defendant as the result of a promise of immunity from similar prosecution, defense counsel asked whether the agents investigating the case had ever questioned the adequacy of the witness' own records. After the witness responded in the negative, the District Judge upheld the Government's objection to further pursuit of that particular line of inquiry. We perceive no reversible error in that ruling.

Affirmed.

1. Subsequent to these violations, § 903 of Title 15 was repealed and replaced by §§ 922 and 923 of Title 18 (Pub.L. 90–351, Title IV, § 906, June 19, 1968, 82 Stat. 234).

2. The prescribed regulations appear in 26 C.F.R. 177.51.